[Civil No. 1543.   Filed March 5, 1918.]

[171 Pac. 127.]

## SUPERIOR AND PITTSBURG COPPER COMPANY, a Corporation, Appellant, v. STEVE DAVIDOVITCH, Sometimes Known as STEVE DAVIS, Appellee.

1. MASTER AND SERVANT—EMPLOYERS' LIABILITY LAW—CONSTITUTIONALITY.—The employers' liability law (Civ. Code 1913, pars. 3153–3162) is a valid enactment within the police power of the state.

2. NEW TRIAL—NEWLY DISCOVERED EVIDENCE—DILIGENCE.—In a miner's action under the employers' liability law for injuries to his eye, where it appeared, on plaintiff's cross-examination, on the second day of the trial, that he had worked in a particular city the first two or three months he was in this country, and, within a few days after close of trial, the defendant sent its attorney to that city to investigate plaintiff during his residence there, and the visit resulted in the discovery of evidence relied on for new trial, the diligence shown by defendant in securing the evidence was sufficient to permit an inquiry into its materiality as newly discovered evidence.

3. NEW TRIAL — NEWLY DISCOVERED EVIDENCE — QUESTION FOR TRIAL COURT.—In considering motion for new trial on the ground of newly

discovered evidence, the trial court must inquire whether the proposed new evidence actually exists, whether such evidence tends to establish any material issue raised in the pleading on the main case, and whether such evidence will probably cause a determination different from that reached on former trial.

4. MASTER AND SERVANT—EMPLOYERS' LIABILITY LAW—RIGHT OF ACTION — CONCESSION OF INJURY.—Where an employer, sued for injuries under the employers' liability law, concedes that the servant was injured by an accident in a slight measure at least, the servant is entitled to recover damages for whatever injury he actually suffered.

5. NEW TRIAL—NEWLY DISCOVERED EVIDENCE—REDUCING AMOUNT OF RECOVERY.—Proposed evidence to reduce the amount of the recovery must be of so convincing a character that, had it been offered at the trial, the verdict would be clearly excessive.

6. NEW TRIAL—NEWLY DISCOVERED EVIDENCE TENDING TO REDUCE DAMAGES.—In an action under the employers' liability law, the servant claiming injuries to his eye whereby he lost its sight, and judgment going for him, where the employer, which conceded some injury, after trial produced evidence tending to show that the servant had lost his eyesight in one eye as the result of a previous accident, but such proposed evidence was rebutted by affidavits offered by plaintiff, and it was not certain that the proposed evidence, if offered on another trial, would reduce the verdict if the jury believed it true, nor was it convincingly shown that such evidence actually existed, the trial court properly denied new trial for newly discovered evidence.

7. NEW TRIAL—RIGHT TO COMPLAIN OF CONDITIONS.—Defendant cannot complain of the terms of the court's order granting it new trial on condition that it pay plaintiff's expenses of new trial, where, by its silence, it effectively rejected the conditions prescribed.

8. ALIENS—RIGHT TO SUE—CHANGE OF STATUS TO ALIEN ENEMY PENDING APPEAL.—An injured servant does not lose his capacity to sue under the employers' liability law by reason of a probable change in his status from that of alien friend to that of alien enemy, taking place since the employer's appeal was perfected.

[As to rights and liabilities of alien enemies, see note in **Ann. Cas.** 1917C, 189.]

APPEAL from a judgment of the Superior Court of the county of Cochise. Alfred C. Lockwood, Judge. Affirmed.

STATEMENT OF FACTS BY THE COURT.

This action was commenced by the appellee, relying upon the employers' liability law (chapter 6, title 14, Civil Code

of Arizona 1913), to recover damages for alleged injuries to and loss of the sight of his left eye, alleged to have been sustained on the sixth day of May, 1914, while engaged in his duties operating a machine drill under ground in the appellant's mine, in the course of his employment. The appellant defends the action upon the grounds that, because the complaint fails to set forth facts showing that defendant was negligent in some manner, or that the alleged injuries resulted from some fault of defendants, no cause of action is stated; that the said employers' liability law purporting to give a right of action for accidental injuries occurring without negligence or other fault of the employer, is void for the reason such statute in effect attempts to deprive the employer of his property without due process of law, and to deny him the equal protection of the law, and therefore is in conflict with the Constitution of the United States, section 1 of the Fourteenth Amendment. The defendant concedes that mud and dirt were cast into plaintiff's said eye at the time of such accident, and that the plaintiff suffered slight injuries therefrom, but defendant denies that the said accident caused plaintiff the loss of his eyesight. On the other hand, defendant contends that plaintiff's eyesight was destroyed as a result of an injury received several years prior to the sixth day of May, 1914. The court overruled defendant's objections to the constitutionality of the employers' liability law, and the cause went to trial upon the issues of fact. This trial resulted in a verdict for the plaintiff for $10,000, and a judgment accordingly. The defendant timely moved for a new trial, alleging a number of grounds, including that of evidence newly discovered. This ground was pressed in the court below upon affidavits, and resisted by counter-affidavits. The motion was overruled upon all grounds. Ruling upon the issues raised upon the grounds of newly discovered evidence, the court, on the twentieth day of May, 1916, entered an order "that upon the defendant advancing all necessary costs to be incurred by the plaintiff in a new trial, such costs not to exceed the sum of $2,000, and to be retaxed against the plaintiff in the event that defendant prevail in the trial, a new trial would be granted; counsel for defendant to have ten days in which to consider and file his acceptance or rejection in writing."

On June 22, 1916, another order was made, reciting that defendant wholly failed to comply with said former order of May 20, 1916, and therefore, the court formally denied the motion for a new trial. The defendant appeals from the judgment and from the denial of its motion for a new trial by operation of law, and by the order of the court of June 22, 1916.

Messrs. Knapp & D'Autremont and Mr. H. E. Pickett, for Appellant.

Mr. Fred Sutter and Mr. Wm. B. Cleary, for Appellee.

CUNNINGHAM, J.—The questions of the constitutionality raised on this record have been considered and decided adversely to the appellant's contention in *Superior & Pittsburg Copper Co.* v. *Tomich*, decided July 2, 1917, *ante*, p. 182, 165 Pac. 1101, 1185, and in *Inspiration Consolidated Copper Co.* v. *Mendez*, decided on the same date, *ante*, p. 151, 166 Pac. 278, 1183, I adhere to the decisions there reached, that is, chapter 6 of title 14, of the employers' liability law, is a valid enactment within the police power of the state.

The appellant assigns as error the order of the court denying defendant's motion for a new trial on the ground of material evidence discovered after the close of the trial. The proposed new evidence is presented in affidavits filed in support of the motion. The following circumstances lead to the discovery of such evidence: During the cross-examination of plaintiff on the second day of the trial, he stated that he worked in Globe in 1913. That he came to this country about a year before he got hurt. That he stayed at Globe for the first two or three months. "Before I came to this country I lived in Austria all my life." Appellant asserts that prior to the commencement of the trial, its counsel had wholly failed to trace the plaintiff's movements before he reached Bisbee. Upon learning from plaintiff while he was testifying on the stand that he had resided at Globe before coming to Bisbee, a search for evidence at Globe was commenced. The trial closed on February 12, 1916, and within a few days thereafter one of defendant's counsel visited Globe for the purpose of investigating the plaintiff while residing there. The result of that investigation was the discovery of the alleged evidence relied upon for a new trial. Prior to the

trial defendant's attorneys had communicated with eye specialists about the state, making inquiries as to whether plaintiff had been treated by them, but this manner of search for evidence brought no results. The diligence shown by the defendant is sufficient for the purposes of this case to permit an inquiry into the materiality of the evidence alleged to have been discovered.

The alleged newly discovered evidence is presented by affidavits of the general foreman, two shift bosses, and a mine clerk of the Old Dominion mine at Globe and affidavits of a miner and another person. The facts proposed to be established by these witnesses on a new trial are: That about 7 to 10 years prior to the dates of the affidavits (March, 1916) the plaintiff's eye was injured by an explosion on the 1,200-foot level in the Old Dominion mine. That the injury caused the loss of the eyesight. That plaintiff admitted to certain of the witnesses that he was blind in one of his eyes caused from the said accident. The general foreman in his affidavit identifies the plaintiff as the man who was injured at the time of the accident referred to, and positively states that thereafter the man so injured was blind in one of his eyes. The other witnesses describe the man to whom they refer, and allege that they can identify the man if they should again see him.

The plaintiff offered rebutting affidavits, some of which tend to controvert the general foreman's statements of positive identification of plaintiff, and other affidavits positively contradict the facts proposed to be established by the witnesses, viz., that plaintiff was injured in an accident in the Old Dominion mine by which plaintiff lost the sight of an eye, that plaintiff was blind of an eye prior to the sixth day of May, 1914, and that plaintiff admitted to any witness that he lost the sight of his eye prior to May 6, 1914, from any cause. At the hearing of the motion, the plaintiff also offered the oral testimony of a doctor who examined plaintiff physically on the twenty-seventh day of April, 1914, who certified the result of such examination. In connection with the examining doctor's testimony, his examination certificate was introduced. This certificate as written by the doctor at the time of the examination discloses that the sight of both eyes was "O. K." The doctor in his oral testimony would discredit the force of his own certificate by stating that he

usually made no examination of the eyesight, but relied upon the answer of the person being examined, as to the condition óf the eyes.

The trial court on the hearing of the motion denied the same. The matters of inquiry before the trial court were whether the proposed new evidence actually exists, whether such evidence tends to establish any material issue raised in the pleading on the main case, whether the said evidence when offered for the consideration of the jury with all the other evidence theretofore offered will probably cause a determination different from that reached on the former trial. The last subject of inquiry need be noticed here, the preceding subjects may be deemed established. If the proposed evidence involved is given the full probative effect claimed for it, that effect is: That the loss of the sight of an eye was not one of the results of the accident to plaintiff on May 6, 1914, and therefore not an element of damage in this case. The proposed newly discovered evidence, therefore, relates entirely to the matter of the measure of damages. The defendant in its answer concedes that plaintiff was injured by an accident on May 6, 1914, in a slight measure by mud and dirt striking his eye. Consequently the plaintiff on defendant's said admission is clearly entitled to recover damages for the injury he actually suffered.

In a personal injury case, the damages recoverable for injuries to a blind eye caused from mud and dirt striking the sightless member cannot be definitely weighed or measured. Whether the jury based a large or a small or no portion of the amount of this verdict on the loss of the eyesight cannot be determined with exactness. It is a fair presumption that this element of damages was one carrying the large share of the damages given. It is fair to presume that the verdict in this case might have been a sum materially less in amount than given had the jury believed that plaintiff did not lose the sight of his eye in the accident. It is fair to presume that, on a new trial with the evidence offered at the former trial and with the proposed new evidence, the jury could find a verdict for an amount of damages materially less than the amount found at the former trial. The rule is that "proposed evidence to reduce the amount of the recovery only must be of so convincing a character that, had it been offered

at the trial, the verdict would be clearly excessive." 29 Cyc. 904, and cases note 63.

The proposed evidence tends to contradict the evidence offered upon the same subjects by the plaintiff. On the other hand, the proposed evidence is rebutted by affidavits offered by the plaintiff. It is not at all certain that the proposed evidence, if offered on another trial, would reduce the verdict, if the jury believed the proposed evidence true; neither is it convincingly shown that such proposed evidence actually exists. The trial court clearly believed that the preponderance of the evidence was with the plaintiff, and that a different result would not follow from a new trial. In this I think the court was right. The appellate court is not justified in disturbing an order of the lower court refusing a new trial, unless the lower court has by its order clearly abused the discretion given to it in such matters. Certainly this record discloses no abuse of discretion in this particular.

The order made on the twentieth day of May, 1916, granting to the defendant a new trial on conditions named in the order, is the subject of a bitter attack by appellant. Such attack is aimed at the conditions imposed. The only harsh feature of the order of which complaint is made is the requirement as a condition precedent to a new trial that defendant advance to the plaintiff money with which plaintiff may pay his costs incurred on a new trial. The evident purpose of the order was to place within the reach of plaintiff a sum of money sufficient to meet plaintiff's necessary costs of a new trial. The order does not require the defendant to deliver the money so advanced to the absolute possession of the plaintiff, and doubtless if the defendant had been sufficiently interested and so requested, the court would have made the order more specific by designating a trustee to handle the money advanced and otherwise hold dominion over the money as a fund in custody of the court. The appellant has no grounds for complaint of the terms of the order in question, for the reason it by its silence effectively rejected the conditions prescribed. No possible harm in the circumstances could overtake appellant by means of the conditions attached to the order made on May 20, 1916, and the order denying a new trial became effective ten days after the order of May 20, 1916, was entered, viz., on the thirtieth day of May, 1916— on that date the motion for a new trial was overruled.

I have considered all other questions raised by the appellant, and a question presented by the record involving plaintiff's capacity to sue, by reason of a probable change of his status from that of alien friend to that of alien enemy, taking place since the appeal in this cause was perfected. I find no reversible error in the record, and upon the whole case, I am of the opinion the judgment must be affirmed.

FRANKLIN, C. J., and ROSS, J., concur.