[Civil No. 1726. Filed December 23, 1919.]

[185 Pac. 644.]

GEORGE W. PEER, Appellant, v. W. S. O'BRIEN, Appellee.

1. NEW TRIAL—STATUTE AS TO TIME FOR MOTION MANDATORY.—Civil Code of 1913, paragraph 590, providing that motions for new trial must be made within ten days after judgment is mandatory.

2. NEW TRIAL—TIME FOR MOVING WHERE DEFENDANT WAS REPRESENTED BY COUNSEL.—Where summons was served personally on defendant without the state, and he retained local counsel, who moved to dismiss, *held*, that defendant appeared by attorney of his selection, and so was bound, under Civil Code of 1913, paragraph 590, to move for new trial within ten days, not coming within the exception of paragraph 592, allowing motion to be made within one year, where defendant is served by publication and has not appeared, etc., and hence order granting new trial on motion made more than ten days after judgment is invalid for want of jurisdiction.

3. APPEAL AND ERROR—DISMISSAL OF APPEAL FROM ORDER MADE WITHOUT JURISDICTION.—Where the trial court in excess of its jurisdiction ordered a new trial on motion filed more than ten days after judgment, appeal from the order must be dismissed.

APPEAL from a judgment of the Superior Court of the County of Navajo. Sidney Sapp, Judge. Dismissed.

Mr. Charles L. Lewis and Mr. Carl G. Krook, for Appellant.

Mr. C. H. Jordan and Messrs. Hibbard & Kleindienst, for Appellee.

CUNNINGHAM, C. J.—This appeal presents for consideration the following order of the superior court, made on the twelfth day of December, 1918, in the case entitled "W. S. O'Brien, Plaintiff, v. George W. Peer, Defendant," to wit:

"Upon the payment by defendant into this court, for the plaintiff herein, the sum of five hundred and 00/100 ($500.00) for delivery to said plaintiff or to

his attorneys, as cost, expenses, disbursements, and part of attorney fees incurred herein by plaintiff, as terms and conditions for the granting of defendant's motion hereinafter set out, defendant's motion to set aside a default entered in said action on the 3d day of November, 1917, also defendant's motion vacating and setting aside the judgment entered in said action against said defendant on said 3d day of November, 1917, and also vacating and setting aside the judgment rendered against the garnishee, R. M. Martin, on said 3d day of November, 1917, and for leave for defendant to answer in said action upon the grounds specified in the motion herewith submitted, are granted."

"Dated this 12th day of December, A. D. 1918."

The notice of appeal designates the foregoing order as the exact order appealed to this court. The defendant, presenting his contentions as appellant in this court, finds no fault with the order other than with the requirement to pay five hundred dollars, imposed as a condition precedent to the granting of a new trial.

Without any doubt, the defendant repudiated the order granting him a new trial whenever he refused to comply with the condition imposed. The result was that, the condition precedent having been repudiated, the motion was deemed denied to all intents and purposes at a subsequent time, unless continued by order of the court or by stipulation of the parties. (See paragraph 591, Civ. Code Ariz. 1913.)

The defendant was injured in no possible manner by the condition in the order requiring him to pay in five hundred dollars. He refused to pay the money, and in that manner avoided injury from the imposition of the condition. His failure to meet the condition was, in effect, his refusal to accept a new trial as offered. Consequently a new trial was denied him, and this created a situation for his appeal from the judgment and from the refusal of a new trial.

A like situation arose in the trial court at the trial of *Superior & Pittsburg Copper Co.* v. *Davidovitch,* reported in 19 Ariz. 402, 171 Pac. 127. The defendant was offered a new trial on condition that it pay a · certain sum of money into court, with which plaintiff could meet his expenses incident to a new trial. The defendant refused to pay the money, and appealed from the judgment and from the order refusing a new trial. One of the assignments of error covered the conditional offer of a new trial. Mentioning the said conditional order, we said:

"The appellant has no grounds for complaint of the terms of the order in question, for the reason it, by its silence, effectively rejected the conditions prescribed. No possible harm in the circumstances could overtake appellant by means of the conditions attached to the order."

The order in the Davidovitch case set a limit of ten days within which the defendant was required to pay the money to the clerk of the court, else the motion for a new trial would stand denied. The order in this case set no limit of time within which the defendant was permitted to pay the five hundred dollars. He has effectively refused to make the payment required by the order. As a consequence, his motion for a new trial was therefore denied.

Clearly, the defendant may have appealed to this court from the judgment and from the denial of his motion for a new trial, as was the practice in the Davidovitch case. In that event the conditional order would have become unimportant, because clearly not harmful. He may have met the condition by paying the sum of money within such restrictions as to negative a voluntary payment, accepted the new trial, and thereafter may have taken such proceedings as would award to him a just accounting for the said money paid, if upon a consideration and

trial it should be determined that the defendant had been wrongfully required to pay the money.

It is quite clear that an appeal is not allowed from an order granting a new trial on conditions whenever the party in whose favor the order is given refuses to perform the conditions imposed. In such case the conditional order ceases to be alive, and an appeal does not serve to lend vitality to it. If we determine that the court should have granted a new trial without the condition, we have nothing to operate upon. The result of our order would then be to modify the language of the defunct order by striking out the condition; but the difficulty there is that the operative order is one denying a new trial, and not the order conditionally granting a new trial. The appeal must stand dismissed, for the reasons above stated.

The appeal is dismissed.

ROSS, J. (Concurring.)—The judgment in this case was entered in favor of appellee against appellant on November 3, 1917, and motion for new trial was served and filed October ——, 1918, almost one year after rendition of judgment. Motions for new trial, in arrest of judgment, or to set aside the judgment, must be made within ten days after the rendition of the judgment. Paragraph 590, Civ. Code; *Daggs* v. *Howard Sheep Co.,* 16 Ariz. 283, 145 Pac. 140. However, appellant would avoid the ten-day limit of paragraph 590 by asserting that he, under the facts, is given the right to move for a new trial at any time within one year after the rendition of judgment. He claims he comes within the terms of paragraph 592, Civil Code, which states that a new trial may be granted a defendant within one year after rendition of judgment, if he has been served by publication and has not appeared in person or by attorney of his selection. Appellant, in his affidavit of

good cause attached to his motion for new trial, states:

"That the summons and complaint in said action were served upon me personally at said city of Los Angeles, on the 15th day of August, 1917; that immediately after said service I retained Carl G. Krook, Esq., of Kingman, Arizona, as my attorney in said action."

On October 10, 1917, the appellant wired his said attorney from Los Angeles as follows:

"Unless your judgment otherwise, perhaps best let matter rest on motion to dismiss as possibly plaintiff may not commence new action."

An order dated October 13, 1917, signed by the presiding judge, recites that "upon motion of Carl G. Krook, attorney for defendant in said action, it is ordered," etc. It is therefore shown as a fact that before November 3, 1917, the date of entry of judgment, appellant had appeared in this action by an attorney of his own selection. Appellant, having entered his appearance in the case before judgment was rendered, is, by the very terms of paragraph 592, *supra*, denied the right to a new trial thereunder. If he was desirous of a new trial, he should have moved for it within ten days after the judgment was rendered as provided in paragraph 590. The court was therefore without jurisdiction to sustain his motion for a new trial when made eleven months after judgment, and the provisional order granting the new trial upon said motion was void. The provision of paragraph 590 requiring the motion to be made within ten days after the rendition of judgment is mandatory. *Ellis* v. *First Nat. Bank of Globe,* 19 Ariz. 464, 172 Pac. 281.

The order appealed from having been made by the lower court without jurisdiction, this court will not review it on appeal. *Lockwood* v. *Lockwood,* 19

Ariz. 215, 168 Pac. 501; *McLean* v. *Territory,* 8 Ariz. 195, 71 Pac. 926.

I concur in the order of dismissal.

BAKER, J., concurs in Judge ROSS' opinion.