[Criminal No. 693.   Filed June 3, 1929.]

[277 Pac. 978.]

# FRANK   TAYLOR,   Appellant,   v.   STATE,   Respondent.

See Criminal Law, 16 **C. J.**, sec. 1275, p. 641, n. 30; sec. 1458, p. 712, n. 30; sec. 1459, p. 714, n. 34.

Larceny, 36 **C. J.**, sec. 433, p. 874, n. 15; sec. 478, p. 896, n. 1.

Mr. J. Gardner Scott, for Appellant.

Mr. K. Berry Peterson, Attorney General, and Mr. Charles L. Strouss, Assistant Attorney General, for the State.

ROSS, J.—From a conviction of grand larceny, defendant, Taylor, has appealed.

It appears from the record that the Dewey store, located at Dewey, about seventeen miles from Prescott, was, on the night of February 2d, 1928, broken into and a mixed assortment of goods stolen therefrom. The county attorney filed an information against defendant, charging him with the larceny, and described the property stolen as "one slicker, three lumber jacks, one leather coat, five suits underwear, one quilt, three pairs of shoes, two pairs of socks, one leather belt, one pair of gloves, one razor and razor blades. . . . " The prosecution introduced in evidence, in addition to the property described in the information, other property identified by one of the owners as taken at the same time and place. It is the contention of defendant that the evidence should have been limited to the property he was specifically accused of stealing. If the property, that described in the information as stolen and that not so described, was all taken at the same time and place, and thereafter found in defendant's possession, one as much as the other would tend to connect defendant with the original taking, and be proper evidence. In 36 C. J. 896, section 478, it is said:

"Evidence of possession by accused of property not described in the indictment, but shown to have been stolen at the same time and place as that described, is admissible as a circumstance tending to connect him with the crime. . . . "

It is next contended that the ownership of the property as alleged was not proven. All the testimony was to the effect that the property was that

of Levi Young and C. E. Stanton, partners, doing business under the firm name of the Dewey store. This evidence is in accord with the allegations of ownership.

It seems that one Urmson, a witness for the prosecution, came into possession of two or three of the stolen articles, and defendant complains because the court refused to let him show, by defense witness A. C. Walton, Urmson's statements or declarations explanatory of his possession. We cannot see how such declarations or statements would prove, or tend to prove, any issue in the case. They might have been competent for the purpose of impeaching the witness Urmson, but they were not offered for that.

Finally, it is not assigned, but is earnestly argued, that the only evidence of defendant's guilt is that of an accomplice. One Charles A. L. Macklin testified that he and defendant together, at night-time, entered the Dewey store, and took therefrom the goods introduced in evidence. There was no other evidence connecting defendant with the trespass or asportation. Under the provisions of section 1051 of the Penal Code of 1913, a conviction of crime may not be based solely upon the testimony of an accomplice. There must be corroboration by other evidence which in and of itself, and without the aid of the testimony of the accomplice, tends to connect defendant with the commission of the crime charged.

The peace officers found the stolen goods, or a considerable portion of them, in a house, or rather a room of a house, located in West Prescott on Sheldon Street, occupied by defendant. It was defendant's home. Macklin, by sufferance of defendant, had occupied the room with the latter for a little while before and after the Dewey store was robbed. The two of them were living in the room when the stolen goods were found there by the officers. Defendant explained that he had nothing to do with

the bringing of the stolen goods to his room, but that they were brought there by Macklin and another. The room, however, was defendant's, and not Macklin's. Its meager furnishings belonged to defendant. Just before the stolen goods were found in his room, defendant refused to tell the peace officers where he lived. As a witness, he testified the stolen goods were removed by Macklin the next day or two after they were brought to his room, whereas the peace officers, Campbell and Fitzgerald, found the goods, or most of them, in defendant's room the day of his arrest, which was some time after the goods were stolen.

The goods were recently stolen. It is well-settled law that possession of recently stolen property, unexplained, is a circumstance tending to show the possessor to be the thief. Possession, it is true, must be personal and exclusive, with the implied or expressed claim of ownership. *State* v. *Butterfield,* (Utah) 261 Pac. 804.

"The possession of the stolen property is personal and exclusive if it is exclusive as to all persons not *particeps criminis.* As to accomplices, the possession of one is the possession of all." Underhill on Criminal Evidence, 2d ed., p. 527.

We think the evidence of possession sufficiently corroborated the testimony of the accomplice to justify the submission of the question of the defendant's guilt to the jury, and, the jury having found against him, that the verdict should not be disturbed.

LOCKWOOD, C. J., and McALISTER, J., concur.