[Criminal No. 845. Filed July 13, 1936.]

[59 Pac. (2d) 328.]

# STATE OF ARIZONA, Appellant, v. ERNEST VALDEZ, Respondent.

Mr. John L. Sullivan, Attorney General, and Mr. W. Francis Wilson, Assistant Attorney General, for Appellant.

Mr. John A. McGuire, for Respondent.

LOCKWOOD, C. J.—Ernest Valdez was convicted in the superior court of Yavapai county of the crime of burglary, and was sentenced to serve not less than three nor more than five years in the state prison. The state, believing that this sentence was erroneous, has attempted to appeal from the judgment pronounced on the verdict of guilty.

After the appeal was taken, defendant moved to dismiss it on the ground that no right of appeal is granted the state under circumstances of this kind. Ordinarily, we do not write opinions on motions, but, in view of the importance of the question involved, we have departed from our usual custom, and state the law for the future guidance of the trial courts and prosecuting officers of the state.

The charging part of the information upon which defendant was tried and convicted reads as follows:

"That at the county of Yavapai, state of Arizona, in the night time of the 14th day of Dec. A. D. 1935, and prior to the filing of this information, the said Ernest Valdez did then and there wilfully, wrongfully, unlawfully, feloniously and burglariously, enter the H. & H. Garage of John Sells on Hill Avenue, in the town of Jerome, Yavapai county, Arizona, at or about the hour of 11:45 P. M. on the said night of the 14th day of December, 1935, with the intent then and there to commit the crime of larceny.

"Contrary to the form, force and effect of the statute in such case made and provided, and against the peace and dignity of the state of Arizona. It is further alleged that the defendant, before the commission of the offense charged in this information, was, in the Superior Court of Imperial County, State of California, on the 13th day of September, 1926, convicted of the crime of felony, to-wit: burglary in the second degree."

It is the position of the state that, upon conviction on an information of this nature, the minimum penalty is imprisonment in the state prison for a term of not less than ten years, and that the judgment of the superior court sentencing him to imprisonment for a term of not less than three nor more than five years is void.

Sections 4898 and 4899, Revised Code of 1928, read as follows:

"§ 4898. *Defendant Previously Convicted, Increased Punishment.* Every person who, having been convicted of petit larceny or any offense punishable by imprisonment in the state prison, commits any crime after such conviction, is punishable therefor, as follows: If the offense of which such person is subsequently convicted is such that, upon a first conviction, an offender would be punishable by imprisonment in the state prison for any term exceeding five years, such person is punishable by imprisonment in the state prison not less than ten years; if the subsequent offense is such that, upon a first conviction, the offender would be punishable by imprisonment in the state prison for five years, or any less term, then the person convicted of such subsequent offense is punishable by imprisonment in the state prison not exceeding ten years; if the subsequent conviction is for petit larceny, or any attempt to commit an offense which, if committed, would be punishable by imprisonment in the state prison not exceeding five years, then the person convicted of such subsequent offense is punishable by imprisonment in the state prison not exceeding five years. The punishments

148

herein prescribed must be substituted for those prescribed for a first offense if the previous conviction is charged in the indictment or information and found by the jury.''

"§ 4899. *Previous Conviction in Another State.* Every person who has been convicted in any court outside of this state, of an offense which, if committed within this state would be punishable by the laws of this state by imprisonment in the state prison, is punishable for any subsequent crime, committed within this state in the manner prescribed in the preceding section, and to the same extent as if such first conviction had taken place in a court of this state.''

██ The record in this case shows that, when the defendant was arraigned, he entered a plea of guilty as charged in the information of being convicted in the superior court of Imperial county, California, of the crime of burglary in the second degree, and a plea of not guilty of the particular offense for which he was about to be tried, to wit, burglary in the first degree. The jury, therefore, had but one issue submitted to it upon the information, and that was whether defendant was guilty of burglary in the first degree, as charged in the information, and they determined that issue in favor of the state by the following verdict:

"We, the jury, duly empaneled and sworn in the above entitled action upon our oaths do find the defendant guilty of the crime of felony, to wit: burglary in the first degree.''

The crime of burglary in the second degree, if committed in this state, is punishable by imprisonment in the state prison for a period not exceeding five years, and the crime of burglary in the first degree is punishable by imprisonment in the state prison for a term of not less than one nor more than fifteen years. Section 4746, Rev. Code 1928. Under

the circumstances, as shown by the record, it was the duty of the trial court to sentence defendant to imprisonment for a term of not less than ten years. And the statute does not say that he *"may"* receive the increased punishment, but expressly states "the punishments herein prescribed *must* be substituted for those prescribed for a first offense if the previous conviction is charged in the indictment or information and found by the jury." The previous conviction was charged in the information in this case. It is true that the jury did not formally find him guilty thereof by its verdict, but, since he had pleaded guilty to the first conviction, we think that is equivalent to a finding by the jury that he was guilty, for the law does not require a vain formality. It was therefore the mandatory duty of the trial judge to sentence the defendant to a term of imprisonment for not less then ten years; the maximum remaining the same as with a first conviction for first degree burglary, to wit, fifteen years. What, then, was the effect of the sentence actually pronounced by the trial court? The Supreme Court of the United States, in the case of *Graham* v. *Weeks,* 138 U. S. 461, 11 Sup. Ct. 363, 34 L. Ed. 1051, states as follows:

"It is undoubtedly the general rule that a judgment rendered by a court in a criminal case must conform strictly to the statute, and that any variation from its provisions, either in the character or the extent of punishment inflicted, renders the judgment absolutely void."

It is true it is generally held that, when the sentence imposed is the same in character, though greater in quantity than that authorized by law, it is void only as to that part in excess of the legal limit, on the theory that, if the excessive part of the sentence be set aside as void, there remains a valid

sentence within the legal limits authorized by law. But this reasoning does not apply when the maximum of the sentence imposed is below the minimum required by the law. In such a case, when the void part of the sentence is eliminated, nothing remains. We are of the opinion, therefore, though there is authority to the contrary, that, since no part of the sentence imposed by the trial court could be brought within the legal limits of that required by the statute, the entire sentence was absolutely void. What, then, shall be done? It has frequently been held that defendant cannot object to such a situation, for he has not been injured, having received a lesser penalty than the law provides. *In re Reed* (*In re O'Neill*), 143 Cal. 634, 77 Pac. 660, 101 Am. St. Rep. 138; 16 C. J. 1311, and note. We think, however, this rule does not apply to the state, under such circumstances, for it, in its sovereign capacity, certainly is aggrieved when the plain and definite mandate of the law has been disregarded, and, if there is a method to be found in that law, which will allow the error to be corrected, the state should be permitted to exercise it.

▇ Appeals are not a matter of right, but a matter of statute, and may be taken only when the statute expressly authorizes it. Section 5136, Revised Code of 1928, sets forth the only circumstances under which the state may appeal in a criminal case, which reads as follows:

"*Appeal by State, Orders Reviewable.* An appeal may be taken by the state from an order setting aside, or sustaining a demurrer to an indictment or information; from an order granting a new trial, or arresting judgment, or from an order made after judgment affecting the substantial rights of the state."

Apparently the theory upon which the state has prosecuted its appeal is that it was taken from the order of the court made after judgment, denying the motion to set aside the judgment and impose a proper sentence. We think that an appeal can only be taken in case there is a valid judgment existing before the order or, at the most, one which is merely erroneous, and, since we have held the attempted judgment was absolutely void, there never was an order made after judgment, from which an appeal could be taken. Such being the case, we think the remedy of the state was not by appeal, but by a motion in the trial court, requesting the judge to impose a sentence within the limit required by law. This was done, but the next step permitted the state, after the motion had been denied, was not an appeal, but an application for a writ of *mandamus* in this court, directing the trial judge to perform the duty imposed upon him by law, and to sentence defendant to imprisonment according to the terms of the statute.

The appeal is dismissed.

McALISTER and ROSS, JJ., concur.