[Criminal No. 860. Filed November 8, 1937.]

[73 Pac. (2d) 110.]

JAMES MURPHY, Appellant, v. STATE OF ARIZONA, Respondent.

Mr. James Murphy, Appellant, *in pro. per.*

Mr. Joe Conway, Attorney General and Mr. W. E. Polley, his Assistant; Mr. Charles L. Ewing, County Attorney of Yavapai County, for Respondent.

ROSS, J.—Upon an information for grand larceny and a previous conviction of burglary, the appellant was found guilty and sentenced to the penitentiary for ten years, and he has appealed.

He is his own attorney, and although it does not appear that he is a lawyer, it does appear that he has had considerable experience in criminal law. His real name, he testified, is Lawrence Silverthorne, although he has gone under the name of Marion Silverthorne, also the *alias* George Kelly under which he pleaded guilty, on December 16, 1927, of the crime of burglary in the superior court of Coconino county, and in the state of Kansas in 1931 as George Keyes for burglary in the second degree. On objection of remoteness, the county attorney was not permitted to inquire into appellant's past any further back. He has had, by his own admission, numerous aliases in addition to the above.

The evidence upon which he was convicted is entirely circumstantial, and, briefly, is as follows: On the morning of January 3, 1937, E. A. Robinette's automobile was parked on North Cortez Street in the city of Prescott, Yavapai county, and in it was a small steamer trunk containing clothing, household articles, and a camera. About 8:30 that morning, the trunk was stolen. A half hour later Robinette saw appellant going in a southerly direction from the Santa Fé depot along Cortez Street wearing one of his shirts and carrying in his hand two pairs of his trousers that were in the trunk when taken. The trunk was later found at the Santa Fé depot platform.

Appellant's explanation of how he came into the possession of the articles so recently stolen was so improbable and ''fishy'' that it evidently carried no weight with the jury. The actual unexplained possession of recently-stolen goods is a fact from which the possessor's guilt may be inferred. *Taylor* v. *State,* 35 Ariz. 317, 277 Pac. 978; *Smith* v. *State,* 22 Ariz. 229, 196 Pac. 420; *Territory* v. *Casio,* 1 Ariz. 485, 2 Pac. 755. So appellant's contention, that ''there was no evidence to show that defendant was near the place said property was stolen,'' is not at all convincing or persuasive of his innocence or nonparticipation in the theft.

Appellant makes the point that a previous conviction was not mentioned in his preliminary examination, and for that reason the court has no jurisdiction. Also, that since such previous conviction was on December 16, 1927, it was barred by the 5-year statute of limitations (Rev. Code 1928, § 4926). Also, that it violates that provision of the Constitution of the United States providing that: ''No one shall be put in jeopardy twice for the same offense.'' None of these objections is good. The only reason the previous conviction is in the case is for the purpose of

determining what the punishment should be if defendant is found guilty of the crime charged. It is not necessary that he be advised at the preliminary that he will be informed against as a recidivist. The only offense for which he may be tried and punished is the one presently charged, and hence the statute of limitations and former jeopardy are not involved. In *Valdez* v. *State*, (Ariz.) 65 Pac. (2d) 29; Id., 48 Ariz. 145, 59 Pac. (2d) 328, we discussed some of the phases of the questions raised, and disposed of them against appellant's contention.

■ Appellant's next and only complaint of any possible merit is directed to the evidence of value of the stolen property. In many larceny cases the value of the property is important in fixing the grade of, and punishment for, the crime. Grand larceny consists of stealing from the person of another, or in stealing certain named property regardless of value, such as a horse, cow, etc., or property "of the value exceeding fifty dollars," and all other larceny is petit. Section 4757, Rev. Code 1928. The evidence of the prosecution and defendant as to the value of the steamer trunk and its contents is radically different. The owner testified that the trunk and contents were worth from $60 to $70 at the time they were taken, and two witnesses for the defense, dealers in secondhand goods, testified, one of them that the property was worth from $6 to $7.50, and the other about $15. Some dresses, sheets, and a camera were not recovered from the thief, and were not included in these estimates. These witnesses for the defense based their estimates of value upon what they were used to paying for such goods. If the evidence by the owner as to the value was competent, it was for the jury to determine where the weight lay, and its verdict is final.

■ The only qualification to testify to the value of his property shown by the owner was that he was

a family man; had been married about five years, and he and his wife generally bought such articles together and in that way he was acquainted with the market value of household goods, dresses, clothing, etc. He explained the value placed on the goods, trunk, and camera was not what he had paid, but approximately 25 per cent. less, and maybe more. We believe the owner's testimony as to the value of the stolen property was properly admitted. The rule with reference to proving value of secondhand property that is stolen, as stated in *Filson* v. *Territory,* 11 Okl. 351, 67 Pac. 473, 474, seems to us to be entirely fair and reasonable. It is as follows:

"It was not error for the trial court to permit the owner of the property to testify what the harness cost new. It was shown that the harness had only been used for a short time, and had been well cared for. The jury might properly consider their cost new, and their use, and decrease in value by their use, in determining their reasonable value at the time of taking. While the reasonable market value of the property at the time of the larceny was the question to be determined by the jury, any facts which would reasonably tend to enable them to intelligently determine such question was competent and proper. The first cost of the harness when new, what they sold for at the store, what they sold for after being used a short time, what a secondhand dealer would pay for them, and what such dealer would expect to sell them for, their condition at the time they were taken, and how long they had been in use, were all matters that the jury might consider in determining the reasonable market value of the harness at the time of the taking. And, taking the purchase price of the harness when new, and deducting a reasonable sum for their deterioration in value by reason of their use and damage, would not be an improper method of arriving at the fair market value. The price that a secondhand dealer will pay for such articles is not to be taken as the only means of proving value. As appears from the evidence of such witness in this case, they will not pay the full

market value for such articles. They buy to sell again, and expect to make a profit. They also estimate that they may keep the goods in stock for some time before finding a purchaser, and they expect eventually to sell the article for less than its actual market value in order to induce purchasers to take second-hand goods. There is too much of a tendency to require experts to testify as to matters of everyday occurrence and common knowledge. The average farmer at this day and age is possessed of sufficient intelligence and experience to enable him to tell the market prices of farm products, live stock, and those articles he makes common use of in his business, and generally is better qualified to fix the values than persons who are engaged in some specialty, and buy only when they can get a good bargain, and then sell the article at less than its value in order to encourage trade. The jury had competent and proper evidence before it from which to determine the reasonable market value of the harness.''

We are satisfied the appellant had a fair trial.
The judgment is affirmed.

McALISTER, C. J., and LOCKWOOD, J., concur.