311 P.2d 835

STATE of Arizona ex rel. Robert MORRI-
SON, Attorney General, Petitioner,

v.

The SUPERIOR COURT of the State of Ari-
zona, IN AND FOR the COUNTY OF
YAVAPAI, and Hon. W. E. Patterson, Pre-
siding Judge thereof, Respondents.

No. 6394.

Supreme Court of Arizona.

May 21, 1957.

Robert Morrison, Atty. Gen., for peti-
tioner.

Locklear & Wolfinger, Prescott, for re-
spondents.

UDALL, Chief Justice.

The State of Arizona, at the relation of Honorable Robert Morrison, Attorney General, instituted this original proceeding in certiorari against respondents, the Superior Court of the State of Arizona in and for the county of Yavapai and Honorable W. E. Patterson, presiding judge thereof, for the purpose of testing the legality of an order entered by respondent court on August 30, 1956, vacating and setting aside a previous judgment of said court dated September 13, 1930. The parties will hereinafter be referred to as petitioner and respondent.

Respondent judge made a return certifying and transmitting to this court the entire record of pertinent files and minutes of the proceedings had before the court.

The steps giving rise to the instant petition for certiorari are as follows:

1. A preliminary hearing was held before a magistrate at Seligman, and thereafter the county attorney of Yavapai County, on September 11, 1930, filed an information against one "Bob Harper" (criminal cause No. 2854) charging said defendant with the crime of burglary, a felony. At his arraignment the minutes show he was "asked by the court if he desires counsel to represent him and states that he does not desire counsel." Defendant then entered a plea of guilty and two days later was sentenced by the late Richard Lamson, presiding judge, to serve not less than one nor more than two years in the state penitentiary.

2. The defendant served thirteen months and eight days of this sentence, whereupon he was discharged from custody with the sentence fully executed.

3. Clyde C. Crosby, also known in the month of September, 1930, as "Bob Harper", and allegedly being the same person designated as defendant in criminal cause No. 2854, supra, filed a motion in said cause on August 27, 1956, to vacate and set aside the original judgment and sentence imposed against him and to declare the same null and void upon the following grounds, viz.:

"1. This court was, on the date of rendering and entering said judgment and sentence, without jurisdiction to enter said judgment and impose said sentence, and the same are, therefore, a nullity and of no force and effect.

"2. That said judgment and sentence should be vacated and set aside because the defendant, at the time said judgment was rendered and said sentence imposed, was a minor of the age of fifteen (15) years; that said defendant was not represented by counsel and was incapable, because of his age and immaturity, of defending himself against the charge preferred against him, or otherwise asserting his legal rights and immunities in the premises."

The admitted purpose of the instant proceedings seeking to expunge the prior judgment of conviction was to nullify or remove from a secret indictment returned against Clyde C. Crosby on July 31, 1956, by the grand jury of Multnomah County, State of Oregon, the impact of a prior felony conviction in Arizona which upgraded the offense there charged.

4. The record does not affirmatively show that a copy of this motion was served upon anyone representing the State of Arizona, though presumably the county attorney of Yavapai County knew of it as he appeared at the hearing held on August 30, 1956, but apparently did not resist the granting of such motion. (The record is silent as to when the attorney general, petitioner herein, first learned of these proceedings.)

5. Respondent judge, on the day of the hearing, purportedly entered an order (erroneously labeled a judgment) vacating and setting aside the judgment and sentence theretofore pronounced against Bob Harper upon the grounds (a) the justice of the peace at Seligman was without jurisdiction to hold a preliminary hearing for Bob Harper and to hold him to answer in the superior court on the charge of burglary as he was then a minor of the age of fifteen years, and the proceedings should first have been certified to the judge of the superior court, and (b) the superior court, having held no examination of the minor defendant in chambers—as required by article 6, section 6, Constitution of Arizona A.R.S.— had no jurisdiction to render judgment or impose sentence. No one representing the State gave notice of appeal from this order.

The Attorney General correctly points out that a minute examination of the "judgment roll" in the "Bob Harper" criminal cause upon its face reveals it to be regular in all respects. The parties here assume diametrically opposed positions. Petitioner asserts, in effect, that respondent court, on the basis of the motion to vacate and set aside, supra, had no jurisdiction to do so; hence, it is claimed the order purporting to vacate the 1930 judgment was entered without jurisdiction and is therefore null, void and of no effect. Thus, the State asks that the 1956 order of respondent court be annulled. On the other hand, respondents, in moving to dismiss the application for writ of certiorari, contend that: (a) the 1930 judgment was a nullity and, having been entered without jurisdiction, it could be vacated and set aside at any time; (b) the remedy of certiorari is not available to petitioner because the State had a right under A.R.S. § 13–1712, subd. 5, to appeal from "an order made after judgment affecting the substantial rights of the state." Reliance is had upon our certiorari statute, A.R.S. § 12–2001, which reads in part as follows:

"The writ of certiorari may be granted * * * in all cases when an inferior tribunal * * * has exceeded

its jurisdiction and there is no appeal, nor, in the judgment of the court, a plain, speedy and adequate remedy."

■ The many uniform decisions of this court interpreting the above statute make it clear that certiorari can only be granted to review the legality of a judgment or order of an inferior tribunal when two facts appear: (a) the jurisdiction of the lower court must have been exceeded, and (b) there is neither an appeal nor a plain, speedy and adequate remedy. Hunt v. Norton, 68 Ariz. 1, 5, 198 P.2d 124, 126, 5 A.L.R.2d 668.

■■ Let us first search the record, including the reporter's transcript, to see whether the respondent court, in entering the order now called in question, exceeded its jurisdiction. Defendant Crosby was moving to set aside a 25-year-old judgment that was in all respects regular upon its face and, hence, carried with it a presumption of regularity. Certainly to vest jurisdiction upon the respondent court to entertain such motion would require either specific allegations (not conclusions of law) or sufficient evidence as to wherein the court lacked jurisdiction to enter the original judgment of conviction. The pertinent part of the motion has heretofore been set forth haec verba. It will be noted that juvenility is all that is relied upon. To confer upon the court the power to make an inquiry as to whether the judgment, valid upon its face, was void required either an allegation that an examination of "Bob Harper" (the asserted minor) was not held in chambers in advance of prosecution as provided in the Constitution of Arizona, Art. 6, Sec. 6, or testimony establishing such fact. The reporter's transcript of the hearing held before respondent court is devoid of any such evidence; hence, the contrary finding in the lower court's order is without support in the record. Such omissions deprived the court of jurisdiction. Cf. Carnahan v. Carnahan, 79 Ariz. 371, 290 P.2d 729. We therefore hold respondent exceeded its jurisdiction in vacating the 1930 judgment, and its order purporting to do so is a nullity.

Lastly we consider the question as to whether the State had the right to appeal from this void order. We find there is a conflict in our decisions upon this point. In Peer v. O'Brien, 21 Ariz. 106, 110, 185 P. 644, 645, the following was held:

"The order appealed from having been made by the lower court without jurisdiction, this court will not review it on appeal. * * *"

A similar holding involving a void judgment was made in the later criminal case of State v. Valdez, 48 Ariz. 145, 151, 59 P. 2d 328. We note that the cases cited as authority for the statement in Peer v. O'Brien, supra, simply do not support its conclusion. The rule in the latter case, State v. Valdez, supra, appears without citations,

supported solely by the argument that that which is void is of no effect. This is true in theory but such judgments and orders remain on record with practical effect until subsequently removed by court order.

Neither the O'Brien nor Valdez cases, supra, recognized nor overruled a prior contrary holding, viz.:

> " * * * If the court had no power to make the order at the time it was made, the judgment rendered would be void, and an appeal would lie to review it. * * * " Spicer v. Simms, 6 Ariz. 347, 350, 57 P. 610, 611.

This latter pronouncement we reaffirm as we find it to be a sounder rule and one in keeping with the prevailing view. See, 2 Am.Jur., Appeal and Error, sec. 36, p. 870, and Phelan v. Superior Court, 35 Cal.2d 363, 217 P.2d 951, 955. (And see the Phelan decision for the point that there should be no distinction made between an appeal from a void order and that of a void judgment.) The O'Brien and Valdez decisions, supra, are, therefore, expressly overruled on this point.

■ Appeal is not the sole method of attacking a void judgment or order, for a motion may be made at any time to set aside and vacate it in the court where it was rendered. Nevertheless, because the State did have a right of appeal from the void order entered below, certiorari is not a proper remedy. Hence, the writ of certi-orari heretofore issued must be quashed. It is so ordered.

PHELPS and LA PRADE, JJ., concur.

WINDES, Justice (dissenting).

I concur in the decision of the majority that the writ of certiorari must be quashed for the reason that the state had the right to appeal from the judgment setting aside the conviction but must disagree with the ruling that the respondent superior court had no jurisdiction to render such judgment. The basis of the majority opinion that the respondent had no power to entertain and rule upon the motion to set aside the conviction is that since the judgment of conviction appears regular on its face as a conviction of an adult, it carries with it a presumption of regularity as applied to the conviction of a juvenile and, to overcome the presumption, an affirmative showing must be made of an irregularity that would render the conviction void.

In my opinion this is legally unsound for two reasons. In the first place, if any presumption of regularity is to be used, it should be applied to the judgment of respondent setting aside the judgment of conviction and not applied to the judgment of conviction. Secondly, if it were the law that the record before Judge Patterson must affirmatively show an irregularity in the proceeding resulting in the judgment of conviction, the majority have unwittingly

misinterpreted the record in holding there is nothing therein to show the proceedings leading to the conviction of the proven juvenile were irregular. As will hereinafter appear the record before us shows without possibility of contradiction that the prosecution of the juvenile was irregular and void.

The superior court when called upon to set aside a former void judgment is acting as a court of general jurisdiction. The power and jurisdiction to hear a motion to set aside a claimed void judgment is a common-law power and is not limited in any way by either statute or constitution. Under such conditions jurisdiction is presumed and one attacking the judgment must affirmatively show lack of jurisdiction. Applying this rule to Judge Patterson's judgment setting aside the former conviction, we start with the presumption he had jurisdiction and when the state attacks that judgment, as it has by its petition for certiorari, it must show this court that the lower court had no power to rule upon the motion. This it has not and cannot do. The court had jurisdiction of the subject matter in an application to set aside; it had jurisdiction of the parties; and it had the power to make the kind of judgment rendered—a judgment setting aside a former judgment. Whether it was right or wrong in appraisal of the pleadings or evidence has no bearing on the question of jurisdiction. At most it could only be judicial error. If the ma-

jority's decision be sound that the court has no jurisdiction nor power to enter upon an inquiry and make a ruling if the petition to set aside or the evidence in support thereof does not justify the conclusion, it means in effect that when a court of general jurisdiction is presented a complaint which does not state a cause of action or after trial it is presented with a situation where there is not sufficient evidence to sustain the judgment, it has no power nor jurisdiction to rule thereon. This of course is not the law in any jurisdiction. Judge Patterson had the power and jurisdiction to make a ruling on the motion and if wrong, it must be corrected on appeal.

The majority erroneously applies the presumption of regularity to the judgment of conviction which was set aside. The superior court's jurisdiction and power to prosecute a juvenile as an adult is not that of a court of general unlimited jurisdiction, but its jurisdiction under such circumstances is limited by both Article 6, section 6 of the Arizona constitution and A.R.S., section 8–202 and section 8–223 (formerly sections 46–101, 102, A.C.A.1939; 1928 Code, sections 1928, 1929). Under the constitutional provision, before a juvenile may be prosecuted criminally, the superior court *"must"* hold a hearing in chambers to determine whether he shall or shall not be prosecuted. This is a jurisdictional prerequisite to his prosecution as an adult. Wade v. Warden of State Prison, 145 Me. 120, 73 A.

2d 128. Under the statute when a juvenile is charged in the justice court the justice's power is limited. He cannot proceed with a preliminary hearing and bind the juvenile over to the superior court but can only certify him to the superior court in order that it may exercise its exclusive, original jurisdiction over the juvenile and decide whether he shall or shall not be prosecuted. If the superior court decides he shall be prosecuted, then and only then has the justice court power to proceed with a preliminary hearing and bind him over for prosecution. The certification to the superior court is a jurisdictional prerequisite for the magistrate to proceed. No such certificate appears in the record nor is there a record that an examination in chambers was had. To apply the presumption of regularity to the criminal prosecution when it is proven that a juvenile was prosecuted is error. When a court's jurisdiction is limited by constitution or statute, the presumption of regularity cannot be invoked. 31 Am.Jur., Judgments, section 419, page 81. This text states:

"The general presumption in favor of such jurisdiction applies to judgments rendered by superior courts of general jurisdiction acting within the ordinary scope of that jurisdiction, and as to such courts it is commonly said that jurisdiction need not appear upon the record. *As to courts of limited powers and special or inferior jurisdiction, a different rule prevails. There is no presumption that a judgment rendered by such a court is within its jurisdiction.*" (Emphasis supplied.)

In fact when a court is sitting in a matter wherein its powers are limited, its jurisdiction must affirmatively be shown or affirmatively appear of record. State ex rel. Parsons v. Bushong, 92 Ohio App. 101, 109 N.E.2d 692; 31 Am.Jur., section 419, supra, and authorities cited therein.

Under the law as cited above, when it is proven that a juvenile has been prosecuted criminally, this court has no right to presume that the statutory proceedings of the justice court in binding the juvenile over for prosecution were regular or that the constitutionally required hearing in chambers was held. Actually, the state makes no contention that the justice's certificate was issued or that such preliminary proceedings were had. The petition attacks the jurisdiction of respondent court upon the ground that the board of pardons and paroles, the state bureau of identification and the state prison were never served with the motion to set aside the conviction. The basis of the state's argument in its brief is that the juvenile failed to advise the court he was underage and for this reason cannot be heard to question the validity of his conviction. In effect the state in its brief admits no such juvenile hearing was had. Therein it says:

"Under the circumstances of this case, where the defendant Bob Crosby failed to advise the Court of his true age, if in fact he was under the age of 18, then the defendant could not later object to the jurisdiction of the Court."

The state likewise says:

"It must be presumed from the record that the Court relied on the defendant's representations or his appearance and determined him to be over 18 years of age."

The respondent court found as facts that the defendant in the criminal prosecution was charged with the crime in the justice court, a preliminary hearing was had and he was bound over to the superior court without certifying the matter to the superior court as required by statute; and further found that the superior court held no hearing in chambers as required by the constitution to determine whether he should be prosecuted. The majority say these facts as found are not true because there is nothing in the record to support them. There is ample evidence to support such findings. The record shows a criminal complaint filed in the justice court at Seligman on September 9th and preliminary hearing and order binding him over to answer the charge on the same date complaint was filed. The record does not reflect the certificate referring the defendant to the superior court as required by the statute. The majority say no irregularity affirmatively appearing, it will presume everything was regular and the defendant was certified to the superior court as a juvenile. This certificate for the purpose of a hearing by the superior court must of necessity precede the preliminary hearing and binding over for prosecution. We take judicial knowledge that the distance from Seligman to Prescott where the superior court sits is approximately 75 miles. Just how it was physically possible to file a complaint, certify to the superior court that the defendant was a juvenile, get back the result of the superior court hearing in chambers and the decision as to whether defendant should be prosecuted, and thereafter hold the preliminary hearing, all in one day is not explained by the majority opinion. The plain fact is it could not and did not happen. The presumption of regularity in the prosecution of the defendant as a juvenile creates a fact that the record demonstrates to be false. Even if this impossibility did not exist, the mere absence of any record of the justice's certificate or the hearing in chambers is evidence that no such incidents occurred. The trial court on this record was not only justified but compelled to find that defendant was not certified to the superior court for preliminary hearing in chambers by the superior court judge.

STRUCKMEYER, J., concurs in the foregoing dissent.