461 P.2d 496

**The STATE of Arizona, Appellee,**

v.

**Lauro Sanchez SUAREZ, Jr., and Ramon Flores, Jr., Appellants.**

**No. 2 CA–CR 181.**

Court of Appeals of Arizona.

Division 2.

Nov. 25, 1969.

Rehearing Denied Dec. 30, 1969.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

DeConcini & McDonald, by J. Wm. Brammer, Jr., Tucson, for appellants.

KRUCKER, Chief Judge.

Defendants, Lauro Suarez, Jr. and Ramon Flores, Jr., were each informed against for the crimes of burglary and grand theft. The jury rendered a verdict of guilty as to both defendants on both charges, and judgment was entered thereon. Both defendants were sentenced to not less than six nor more than eight years on the burglary charge, and for not less than four nor more than six years on the theft charge. Sentences are to run consecutively. Both defendants filed notices of appeal.

At about 9:00 p. m. in the evening of September 15, 1968, the Tucson home of Sam Cleveland was entered without his permission, and a television worth approximately $125 was removed. Meanwhile, a Tucson police officer noticed two men carrying a television set a block or so away and gave chase. Suarez was caught, and Flores, recognized by the police officer, was subsequently arrested. Mr. Cleveland's warranty on his television set established an identical serial number to the one on the set which had been dropped during the chase.

Defendant Flores asserted the defense of alibi, his mother and girlfriend substantiating it. Defendant Suarez maintained lack of knowledge of a television set and denied seeing Flores that evening. Counsel representing both defendants filed an opening brief on appeal stating that in his opinion their appeal had no merit. Defendant Flores requested and obtained the record, but failed to file a challenge to the brief filed. Thus, on September 9, 1969, this court ordered the appeals of both defendants submitted without argument on the record. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); State v. Leon, 104 Ariz. 297, 451 P.2d 878 (1969).

Counsel suggests three grounds of possible appeal, and the State's answering brief presents two. They are as follows:

(1) The trial court erred in admitting evidence.

(2) The trial court erred in allowing Mr. Cleveland to testify as to the value of the television set.

(3) The sentences were excessive.

(4) It is error to charge both burglary and grand theft.

(5) Multiple charges for a single foray violate the double jeopardy clause applicable to the states.

We discuss them but briefly.

■ No basis is suggested for the contention that evidence was improperly admitted. The exhibits admitted were police photographs of the crime scene and the television, and two drawings sketched at trial. They all appear to have been properly admitted.

■ In a larceny trial, the owner is qualified to testify as to market value of items stolen. Murphy v. State, 50 Ariz. 481, 73 P.2d 110 (1937).

■ The sentences imposed were well within the prescribed statutory limits, and, as indicated by the sentencing judge, both young men had long records and were serving other sentences when sentenced in the instant matter.

■ In State v. Hutton, 87 Ariz. 176, 349 P.2d 187 (1960), the Arizona Supreme Court held that there was no error in charging both burglary and grand theft. We likewise find no constitutional prohibition against multiple charges for a single criminal foray if indeed several different crimes occurred as is sometimes the case. The Supreme Court's latest pronouncement on the double jeopardy clause does not go to the question. Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).

Judgment affirmed.

HATHAWAY and HOWARD, JJ., concur.