NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

JOEL BALL, *Plaintiff/Appellant,*

*v.*

SCOTTSDALE CITY COURT; CITY OF SCOTTSDALE,
*Defendants/Appellees.*

No. 1 CA-CV 21-0082
FILED 3-1-2022

---

Appeal from the Superior Court in Maricopa County
No. LC2020-000279-001
The Honorable Peter A. Thompson, Judge

**AFFIRMED**

---

COUNSEL

J.D. Ball, Scottsdale
*Plaintiff/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Paul J. McMurdie delivered the Court's decision, in which
Vice Chief Judge David B. Gass and Judge Angela K. Paton joined.

---

**M c M U R D I E**, Judge:

¶1        Joel Ball appeals from the superior court's decision denying him leave to appeal his criminal case from the Scottsdale Municipal Court ("Municipal Court"). The City of Scottsdale ("City") did not file an answering brief.[1] Even so, we reject Ball's arguments and affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2        Ball was convicted of misdemeanor trespass after a trial in the Municipal Court that concluded on August 21, 2019. He filed a notice of appeal on August 27 even though he was not sentenced until October 8. Ball gives contradictory accounts of his subsequent filing dates, but the record shows that he filed three more notices of appeal, the first on October 24. The Municipal Court dismissed one appeal as untimely and transmitted none to the superior court.

¶3        In September, Ball filed a "Writ of Mandamus" with this court. We construed the filing as a special action petition and declined jurisdiction. Ball filed another "Writ of Mandamus" with the superior court in August, arguing that the Municipal Court did not comply with Arizona Rule of Superior Court Criminal Appellate Procedure 3(c) because, among other reasons, it had not forwarded a copy of one of his appeal notices.

¶4        The superior court accepted the writ as a petition for special action. In its response, the City argued that because Ball filed his original criminal appeals untimely, he could only seek to appeal his conviction through a procedural motion under Rule 8(c) of the Arizona Rules of Criminal Procedure for Superior Courts.

¶5        The superior court found that the time for Ball to appeal began accruing October 8, at sentencing. The court, therefore, concluded that Rule 4(a) of the Arizona Superior Court Rules of Appellate Procedure-Criminal required Ball to file a notice of appeal within 14 days after the sentencing date, October 22. The superior court determined that Ball's Writ of Mandamus was not an appropriate alternative means of appeal following Ball's failure to file timely. Thus, the court denied the writ.

---

[1]        We may treat the City's failure to file an answering brief as a confession of error. *State ex rel. McDougall v. Super. Ct.*, 174 Ariz. 450, 452 (App. 1993). We decline to do so because the available record supports the superior court's decision.

Ball filed a motion for reconsideration, arguing that his notice of appeal was timely filed because he did not need to file it within the 14 days following his sentence if he filed it after his conviction. The court denied the motion.

**¶6**        At Ball's request, the court determined that no matters remained pending and that the judgment was final. Ball appealed, and we have jurisdiction under A.R.S. §§ 12-2101(A)(1) and 12-120.21(A)(1).

## DISCUSSION

**¶7**        "The right to appeal is strictly statutory." *State v. Berry*, 133 Ariz. 264, 267 (App. 1982) (quoting *State v. Valdez*, 48 Ariz. 145 (1936)). Arizona Revised Statutes § 13-4033 allows defendants to appeal after a "final judgment of conviction." *See also Berman v. United States*, 302 U.S. 211, 212 (1937) ("Final judgment in a criminal case means sentence."). Thus, when Ball submitted a notice of appeal before the time authorized by Rule 4(a) of Arizona Rules of Criminal Appellate Procedure for Superior Courts, he filed a premature appeal.

**¶8**        In some cases, premature appeals are not necessarily jurisdictionally defective if addressed after the final judgment. *Performance Funding, LLC v. Barcon Corp.*, 197 Ariz. 286, 288, ¶ 5 (App. 2000) (abrogated on other grounds by *Engel v. Landman*, 221 Ariz. 504, 509, ¶ 13 (App. 2009)). After a final judgment, a court may consider appeals mistakenly filed prematurely if no appellee is prejudiced and "if no decision of the court could change and the only remaining task is merely ministerial." *Smith v. Ariz. Citizens Clean Elections Comm'n*, 212 Ariz. 407, 415, ¶ 37 (2006); *Barassi v. Matison*, 130 Ariz. 418, 422 (1981).

**¶9**        But sentencing is not a ministerial act because courts may impose a heightened or mitigated sentence and must give their reasons for doing so. *State v. Dowd*, 139 Ariz. 542, 543 (App. 1984) ("[T]he judge's role in the sentencing function is never ministerial."); *c.f. Ghadimi v. Soraya*, 230 Ariz. 621, 623, ¶ 13 (App. 2012) (*Barassi* exception does not apply to the computation of attorney's fees). Thus, we have limited our application of the *Barassi* exception in criminal cases to circumstances where a final order lacks a formal entry of judgment. *See, e.g., State v. Martinez*, No. 2 CA-CR 2010-0149, 2011 WL 2694833, at *1, ¶ 3, n.2 (Ariz. App. June 7, 2011) (post-sentencing minute entry). This approach reflects our preference against piecemeal ligation. *Smith*, 212 Ariz. at 415, ¶ 39 ("Beyond [the *Barassi*] exception, Arizona courts have consistently and with good reason held that premature notices of appeal are ineffective because they disrupt court processes."); *Musa v. Adrian*, 130 Ariz. 311, 312 (1981) ("Public policy is

against deciding cases piecemeal."). Thus, Ball's attempted appeals from his criminal case to the superior court were nullities. The court, therefore, did not err by rejecting the untimely appeals.

## CONCLUSION

¶10     We affirm.



AMY M. WOOD • Clerk of the Court
FILED:     AA