[Civil No. 1716.   Filed December 16, 1919.]

[185 Pac. 641.]

## RED ROVER COPPER COMPANY, a Corporation, Appellant, v. EDWARD H. HILLIS, Appellee.

1. NEW TRIAL—MOTION AFTER TEN DAYS FROM JUDGMENT TOO LATE.— Motion for new trial made after expiration of the ten days from rendition of judgment prescribed by Civil Code of 1913, paragraph 590, serves to invoke no duty of the trial court to consider the motion on its merits.

2. MASTER AND SERVANT—COMPLAINT BY MINER NEED NOT NEGATIVE STATUTORY EXCEPTIONS.—A complaint of servant, under Civil Code of 1913, paragraphs 4075(h), 4077(a), alleging injury from falling into unguarded mine shaft, need not negative the statutory exceptions to the duty to guard the shaft; they being matters of defense.

3. PLEADING—DEMURRER TO COMPLAINT GOOD IN PART.—Overruling of special demurrer was proper where portions of the complaint sought to be eliminated by it were not all subject to the objections urged.

4. TRIAL—INSTRUCTIONS CALLING FOR PRESUMPTIONS RATHER THAN FINDING OF FACTS.—In personal injury case, defendant's requested instruction *held* properly refused where it required the jury to indulge presumptions from circumstances rather than to draw inferences therefrom and find facts.

5. APPEAL AND ERROR—HARMLESS ERROR IN FAILING TO MARK REQUEST REFUSED.—Where appellant's requested instruction was erroneous, and there was no dispute that the trial court refused it, appellant was not injured because the court failed to mark it "Refused," as provided by Civil Code of 1913, paragraph 516.

APPEAL from a judgment of the Superior Court of the County of Maricopa. Frank H. Lyman, Judge. Affirmed.

### STATEMENT OF FACTS.

Action to recover damages for personal injuries suffered by the appellee, resulting from the negligence of the appellant. The verdict was returned and judgment rendered thereon on the eighth day of October, 1918. A motion for a new trial was filed October 19, 1918. On December 16, 1918, the court refused to consider the merits of the motion for a new trial and ordered the same stricken from the files, upon the grounds and for the reason that the motion for a new trial was not made within ten days after the rendition of the judgment.

The notice of appeal given on December 16, 1918, is as follows:

"Now the defendant in open court gives notice of appeal to the Supreme Court of the state of Arizona from the order striking out the motion for a new trial and from the judgment of the court entered herein and from the whole thereof."

Mr. F. Louis Zimmerman, for Appellant.

Mr. F. H. Swenson, for Appellee.

CUNNINGHAM, C. J. (After Stating the Facts as Above.)—By express provision of paragraph 590, Revised Statutes of Arizona of 1913, the motion for a new trial must be made within ten days after the rendition of the judgment. Unless the motion for a new trial is made before the expiration of such prescribed period, the lower court is not required to act upon such motion, and an order striking the motion is conclusive evidence that the trial court declines to consider it.

The terms of the statute (paragraph 590, *supra*) as to the limit of time within which a motion for a new trial is required to be made in order to invoke the court's action thereon are mandatory, and a failure to make such motion within the time allowed has the effect of waiving all errors remediable by means of the motion for a new trial. No error was committed by the court in striking the motion. Such order is one made in obedience to the said statute (paragraph 590, *supra*). See *Daggs* v. *Howard Sheep Co.*, 16 Ariz. 283, 145 Pac. 140, and cases cited. The motion for a new trial made after the time limit expires serves to invoke no duty of the trial court to consider the motion on its merits.

The appellant complains of the order overruling its special demurrer to paragraphs 4 and 5 of the complaint. The demurrer is based upon the failure of the complaint to negative an exception in the statute involved. The demurrer alleges:

That "there is no allegation in . . . the said complaint; that the defendant corporation was not engaged in one of the exceptions to the rule, which plaintiff pleads in his complaint under title 34, c. 3, §§ 4075(h), 4077(a), of the Civil Code of Arizona 1913. . . . "

The complaint, in paragraph 4, sets forth the statutory requirements that—

"At all shaft stations a gate or a guard-rail must be provided and kept in place across the shaft, except when cage, skip, or bucket is being loaded, but this prohibition shall not forbid the temporary removal of the gate or rail for the purpose of repairs or other operations, if proper precaution to prevent danger to persons is taken."

"Stationary lights . . . shall be provided during working hours at all stations in . . . shafts during the time while in actual use; and also at all stations in levels where hoisting or hauling is effected by . . . machinery. . . . "

Paragraph 5 of the complaint charges that the defendant company "wholly failed and neglected to provide a gate or guard-rail at the entrance to the shaft at the said station in the said mine or to provide a reasonable light at the said station of the said mine of the defendant in accordance with the provisions of the statutes of Arizona as above set forth, or to provide any gate or guard-rail or protection at the entrance to the shaft from said station or to provide any light whatever for said station. . . . "

The facts pleaded in the complaint set forth that the plaintiff, in the course of his duties and as he had a right to do, entered upon the unlighted and unguarded station, and, stepping on a piece of small pipe left on the floor of the station, the pipe, rolling under his foot, caused him to stumble in the dark and fall into the shaft, and thereby he was seriously injured.

The question raised is whether plaintiff failed to state a cause of action because he failed to allege that the cage, skip or bucket was not being loaded at the station, and because he did not allege that the gate or rail was not temporarily removed for the purpose of repairs at the time of the accident.

The allegations of the complaint are direct and certain as to the allegations that no gate or rail was at the shaft entrance from the station and that no light was at the station. Defendant could place itself in the position to defeat the inference of negligence by showing that at the time the accident happened the gate or rail was temporarily removed and under repair, a cage, skip or bucket was loading at the station, and the gate or rail was removed temporarily for that purpose. The matters of exception are matters of defense, and the plaintiff has never been required to anticipate a defense and set forth defensive facts in his complaint.

The plaintiff alleges that no light was on at the station, and no exception stated in the rules excuses the absence of the light during the time the station is in actual use during working hours. The portions of the complaint sought to be eliminated by the special demurrer are not all subject to the objection urged. Conceding that good pleading requires that the exceptions here stated in the statute must be negatived in the complaint, yet the fact remains that a portion of the matter attacked by the special demurrer is not open to the objection, and must remain; that is to say, the complaint alleges that the defendant failed to furnish ·a light for the station during working hours, and such failure and negligence caused the injury.

In *Rowell* v. *Janvrin,* 151 N. Y. 60, on page 66, 45 N. E. 398, 400, the court said:

"In stating a cause of action arising upon a statute, it is an ancient rule that, where an exception is incorporated in the body of the clause of a statute, he who pleads the clause ought to plead the exception. But where there is a clause for the benefit of the pleader, and afterward follows a proviso which is against him, he may plead the clause and leave it to his adversary to show the proviso. *Jones* v. *Axen,* 1 Ld. Raym. 120. This rule of pleading has been followed and applied in a great variety of cases arising under statutes and contracts to this day"— citing cases.

See Pom. Code Rem., page 677, cases cited, particularly *City of Kansas City* v. *Garnier,* 57 Kan. 412, 46 Pac. 707, wherein the court says:

"One of the claims was that the complaint was insufficient because it failed to negative the proviso contained in the last part of section 3. The proviso or exception is distinct from the clause defining the offense, and simply excepts from the operation of that clause a certain class of purchases which may be made by persons engaged in the calling of pawnbrokers. The exception being in a subsequent clause,

'and not being incorporated in the definition of the offense, it was not necessary to negative it in the complaint.''

The plaintiff was not required in his complaint to negative the conditions which would relieve the defendant from the charge of negligence in failing to furnish safe appliances and a safe place for people whose duty required them to be at the station in the shaft.

The last objection is that the trial judge failed to mark on the margin the words whether given, refused or modified on requested instruction No. 12, as required by paragraph 516, Civil Code of Arizona of 1913. The record discloses that paragraph 11 and paragraph 13, instructions requested by the defendant, were "refused," so marked, and the judge's name signed thereto. Instruction paragraph 12 commences as follows:

"You may presume, from all the evidence and surrounding circumstances in the case, whether the defendant or the plaintiff left litter or a piece of pipe was left, and you so find the case to be from all the evidence and the surrounding circumstances. You may further presume from all the evidence and the surrounding circumstances whether or not the stepping upon a piece of pipe or litter on said station floor by plaintiff, Hillis, was the proximate cause of . . . his falling into the shaft of defendant's mine," etc.

The court did not give this requested instruction to the jury and did not mark it refused. His duty was to refuse the request for the reasons the instruction was misleading and erroneous in requiring the jury to indulge presumptions from circumstances when the law requires them to draw inferences therefrom and find facts.

The statute that requires the judge to write on the request the disposition he has made of the request is intended to provide for positive evidence of the

court's action thereon. In case of a dispute as to whether or not the court acted on the request, the best evidence of such action is to be furnished by the face of the request. There is no dispute here. The court refused the requested instruction, and this refusal was correct. The defendant was not injured because the court failed to mark it "refused" when .it was properly refused.

Upon the whole case as presented, no reversible error appears, and the judgment therefore is affirmed.

ROSS and BAKER, JJ., concur.