219 P.2d 330

**EINBODEN et al. v. MARTIN et al.**

No. 5199.

Supreme Court of Arizona.

June 7, 1950.

Fred W. Fickett, William S. Dunipace, Robert S. Tullar, Tucson, for appellants.

Oliver J. Laubscher, Tucson, for appellees.

246

UDALL, Justice.

Plaintiffs (now appellees) Le Roy S. Martin and Lettie H. Whitcomb, a single woman, filed suit against defendants (now appellants) E. E. Einboden and Dorothy J. Einboden, his wife, and Associated Mining and Milling Company of Nevada, a copartnership, to recover unpaid monthly payments in the aggregate sum of $2,000 allegedly due under the terms of a certain written lease and option agreement. The defendants filed an answer to the complaint together with a motion for summary judgment. This motion was predicated upon the theory that the agreement, above referred to, was an outright contract of sale and purchase of real property rather than a mere lease and option agreement. A hearing was had and on August 9, 1948, the court granted defendants' motion for summary judgment resulting in a dismissal of plaintiffs' complaint, although the record showed there was an issue of fact to be determined as to whether the unilateral option to purchase had been exercised.

Fourteen days later, on August 23, 1948, the plaintiffs filed a motion to vacate and set aside the summary judgment and order of dismissal theretofore entered. The sole basis for this motion was that the court had committed legal error in construing the contract before it and in entering the original judgment. Reliance was had upon our ruling in the case of Whalley v. George, 52 Ariz. 267, 80 P.2d 449. Upon having a second look at the matter the trial court became convinced, and properly so, that the order granting the motion for summary judgment had been improvidently and erroneously entered. While somewhat dubious of its jurisdiction to correct its mistake of law, due to the lateness of the filing of plaintiffs' motion to vacate, nevertheless on October 9, 1948, the court entered the following order: "It is ordered that the motion to vacate and set aside summary judgment be and hereby is granted, and in the event that the court does not have authority or jurisdiction to grant said motion, the court hereby vacates and sets aside its former order made herein granting defendants' motion for summary judgment, based upon the motion for summary judgment filed June 19, 1948."

The validity of this order is the sole question raised by this appeal as no questions relative to the merits of the case are before us.

By appropriate assignments the defendants urge that the trial court erred in vacating and setting aside the summary judgment, either upon plaintiffs' motion or upon its own initiative. This for the reason, as they contend, that where, as here, there is no allegation of mistake, inadvertence, surprise, excusable neglect or fraud, the motion to set aside and vacate must be filed within ten days after the rendition of judgment and if not so filed the court is without jurisdiction to grant relief thereon, or to vacate the judgment upon its own initiative. Defendants further contend that the

plaintiffs' sole remedy, at the time they filed their motion to vacate the summary judgment, was by an appeal to this court from the judgment rendered against them.

On the other hand the plaintiffs seek to uphold the validity of the order setting aside the summary judgment by asserting that their motion to vacate the judgment theretofore entered was not predicated upon Sec. 21-1308, A.C.A. 1939, which in so far as pertinent reads: "* * * Motions * * * to set aside a judgment, shall be made within ten [10] days after the rendition of judgment, * * *" but rather that it came under the "saving clause" of Sec. 21-1502, A.C.A. 1939, reading: "* * * This rule (relieving a party within a period not exceeding six months from a judgment taken against him by mistake, inadvertence, surprise or excusable neglect. Rule 60(b)) does not limit the power of a court (1) to *entertain an action* to relieve a party from a judgment, order or proceeding, * * *." (Emphasis supplied.)

The first contention being that a motion to vacate, as filed in the present case, *is an action* to relieve a party from a judgment within the meaning of this section and that it was one of the manifest purposes of this so-called "saving clause" to preserve intact and unimpaired the inherent powers of the courts to entertain remedial actions for relief against judgments traditionally recognized at common law, such as a bill of review in equity, actions for writ of audit

querela and bills of error "coram vobis" or "coram nobis" at law. Secondly it is urged that the adoption of the rules of civil procedure in 1940 did not affect, interfere with, or curtail the common-law power of the court, acting upon its own initiative, to deal with situations where in justice and good conscience relief should be granted from manifest error. We are in effect asked to write back into the rules that portion of Sec. 3859, R.C.A. 1928, which provided that during a six month period "The court * * * may, for good cause shown, modify or set aside its judgments, orders or proceedings.", even though this statutory rule was superseded by the adoption of rule 60(b), now Sec. 21-1502, supra.

Considering first the effect of Sec. 21-1308, supra, as applied to the factual situation in the instant case, we have repeatedly held that the statutes requiring a motion to set aside a judgment or a motion for new trial to be filed within ten days, are mandatory. Daggs v. Howard Sheep Co., 16 Ariz. 283, 145 P. 140; Red Rover Copper Co. v. Hillis, 21 Ariz. 87, 185 P. 641; Peer v. O'Brien, 21 Ariz. 106, 185 P. 644, 645. The gist of these decisions are to the effect that the terms of the law must be obeyed by the court as well as by the parties; that no exceptions are to be made to this requirement of the statute; that where a motion is not filed until after the time therefor has expired, the effect is the same as if no motion were filed at all. In Peer v. O'Brien, supra, Mr.

Justice Ross said a motion for a new trial (which is governed by the same statute) should have been made within ten days after judgment, and where this was not done, the court was without jurisdiction, stating: "The order appealed from having been made by the lower court without jurisdiction, this court will not review it on appeal. (Citing cases.)" Hence it follows in the instant case that the plaintiffs having failed to timely file their motion to vacate judgment, no relief can be granted under Sec. 21-1308, supra. Defendants impliedly concede this is the law by insisting that their motion was not filed under this section of the code.

Nor do we believe that the plaintiffs can, as an apparent afterthought, save themselves from their failure to timely file a motion to vacate the summary judgment by asserting that they come within the "saving clause" of rule 60(b), Sec. 21-1502, supra. Their motion can hardly be considered the equivalent of "an *action* to relieve a party from a judgment, order or proceeding" (emphasis supplied) so as to come under this section. A reading of Moore's Federal Practice, Vol. 3, pages 3254 to 3276, wherein this matter is discussed, convinces us that the above provision necessarily means that the relief sought under this clause is to be obtained by an original, separate, independent action or by a bill of review. However even such remedies would not reach the ground here relied upon. To hold otherwise would nullify and make wholly ineffective the method prescribed by the rules, Sec. 21-1308, supra, for the trial court speedily accomplishing this very purpose, i. e., the correcting of its own legal errors.

In seeking to have the action of the trial court sustained as having been correctly taken under an inherent right of the court to vacate and set aside a summary judgment upon its own initiative, plaintiffs principally rely upon a line of federal cases in which the element of fraud appears. See Oliver v. City of Shattuck, 10 Cir., 157 F.2d 150; and Fiske v. Buder, 8 Cir., 125 F.2d 841. We hold that these decisions are not in point or controlling in the instant case which must be determined upon the principles announced by the prior decisions of this court. The case of Swisshelm Gold Silver Co. v. Farwell, 59 Ariz. 162, 124 P.2d 544, 547, has supplied the answer. While the factual situation in that case was different and other legal principles were involved yet there was determined the question relative to the rights of the trial court, on its own motion, to amend or modify its orders and judgments. It is pointed out that such right rested upon sections 21-1501, A.C.A. 1939, which has to do with clerical mistakes, and 21-1502, supra, having to do with mistake—inadvertence—surprise—excusable neglect, etc. After calling attention to the fact that this latter section had superseded Sec. 3859, R.C.A. 1928, it was stated: "It will be seen that section 21-1502 changes the provision

appearing in section 3859, 'The court may * * * relieve a party,' etc., by substituting therefor 'On motion the court, upon such terms as are just, may relieve a party,' etc., and entirely omits 'or may for good cause shown, modify or set aside,' etc. We think, considering these changes and comparing the three sections above set forth, under our present rules the court, in acting of its own motion, is limited to such cases as may properly come under section 21-1501, supra, and may only act under section 21-1502, supra, when the matter is raised by an aggrieved party. * * *"

Inasmuch as plaintiffs rely upon rule 60 (b), Sec. 21-1502, supra, which was taken from Par. 473 of the California Code of Civil Procedure, a decision by the Supreme Court of that state in a prohibition case of Stevens v. Superior Court, 7 Cal.2d 110, 59 P.2d 988, 990, is very enlightening. We quote excerpts therefrom:

"While a court has power to correct mistakes in its records and proceedings, and to set aside judgments and orders inadvertently made, which are not actually the result of the exercise of judgment, it has no power, having once made its decision, after regular submission, to set aside or amend for judicial error. (citing cases)

" * * * The situation here more closely approaches the cases of Egan v. Egan (90 Cal. 15, 27 P. 22), supra; Coombs v. Hibberd, 43 Cal. 452, and Owen v. Crocker-Huffman L. & W. Co., 38 Cal. App. 649, 177 P. 299, in all of which it was held that, all of the matters before the court at the time of the making of the second order having been considered by it at the time of the making of the first order, it cannot, simply because upon a reexamination of the same matters it has reached a different conclusion, give effect to the second determination of the same issue by modifying or annulling the original order or judgment. This is judicial error and is subject to review only upon appeal, the same as any other mistake due to a failure to give proper consideration to a bit of evidence or to the effect of evidence. * * *"

The trial court having been without jurisdiction to vacate the summary judgment, the order setting same aside is vacated with instructions to reinstate the judgment dated August 9, 1948.

LA PRADE, C. J., and STANFORD, PHELPS and DE CONCINI, JJ., concurring.