NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

KEVIN and STEPHANIE RISSER, *Plaintiffs/Appellees*,

*v.*

PINEWOOD SANITARY DISTRICT, *Defendant/Appellant*.

No. 1 CA-CV 14-0454
FILED 5-7-2015

Appeal from the Superior Court in Coconino County
No. S0300CV201300464
The Honorable Cathleen Brown Nichols, Judge

**ORDER VACATED; JUDGMENT REINSTATED**

COUNSEL

Law Offices of Mary T. Hone PLLC, Scottsdale
By Mary T. Hone
*Counsel for Plaintiffs/Appellees*

Mangum, Wall, Stoops & Warden PLLC, Flagstaff
By Brandon J. Kavanagh and Thomas E. Dietrich
*Counsel for Defendant/Appellant*

---

**MEMORANDUM DECISION**

Judge Donn Kessler delivered the decision of the Court, in which Acting Presiding Judge Samuel A. Thumma and Chief Judge Diane M. Johnsen joined.

---

**K E S S L E R**, Judge:

¶1        Defendant/Appellant Pinewood Sanitary District ("the District") appeals the superior court's order granting a motion for reconsideration of the superior court's dismissal with prejudice of the complaint. For the following reasons we have jurisdiction over this appeal, vacate the superior court's order granting reconsideration, and reinstate the judgment in favor of the District.

**FACTUAL AND PROCEDURAL HISTORY**

¶2        Plaintiffs/Appellees Kevin and Stephanie Risser filed a complaint against the District for negligence and injunctive relief. In a signed order filed December 30, 2013, the superior court dismissed the complaint with prejudice and denied the Rissers' motion to amend their complaint and consolidate this case with a related case.

¶3        On January 21, 2014, the Rissers filed a "Motion for Reconsideration," citing Arizona Rule of Civil Procedure ("Rule") 59(*l*) and asking the court to amend or alter the December 30, 2013 order. After the District requested clarification of the basis for the motion, the superior court issued an order stating that Rule 7.1(e) "is the appropriate rule that pertains to this matter."

¶4        After receiving the District's response, the superior court granted the motion for reconsideration, allowed the Rissers' claim for injunctive relief to proceed, and permitted the Rissers to amend their complaint. The District timely appealed the grant of the Rissers' motion for reconsideration, claiming the superior court lacked jurisdiction to reconsider the December 30, 2013 order.

**DISCUSSION**

## I.      This Court has Appellate Jurisdiction

**¶5**           The Rissers argue the superior court's December 30, 2013 order was not a final judgment because it did not include Rule 54(b) certification.[1]  The order was in writing, signed by the superior court judge, and filed with the clerk of the court in compliance with Rule 58(a).  The order dismissed the complaint with prejudice and denied a motion to consolidate this case with a related case.  With no remaining claims or parties, Rule 54(b) did not apply.  Thus, the December 30, 2013 order was a final judgment.[2]

**¶6**           Although the Rissers argue an order granting a motion for reconsideration is not appealable, an order granting a motion for reconsideration after entry of final judgment and vacating that judgment is appealable as a special order after final judgment.  *See Engineers v. Sharpe*, 117 Ariz. 413, 416, 573 P.2d 487, 490 (1977); *Young Mines Co. v. Blackburn*, 22 Ariz. 199, 202, 196 P. 167, 169 (1921) (order reinstating case after order of dismissal was the same as order vacating the dismissal and appealable as special order made after judgment). Accordingly, this Court has jurisdiction over the District's appeal from the subsequent order granting the motion for reconsideration and allowing the Rissers' injunction claim to proceed. *See* Ariz. Rev. Stat. § 12-2101(A)(2) (Supp. 2014) (permitting appeal from a special order made after final judgment).[3]

---

[1] Although the Rissers untimely filed an answering brief, we do not deem that a confession of error.  *See Nydam v. Crawford*, 181 Ariz. 101, 101, 887 P.2d 631, 631 (App. 1994) (stating doctrine of confession of reversible error is discretionary).

[2] Rule 54(c) provides that "[a] judgment shall not be final unless the court states that no further matters remain pending and that the judgment is entered pursuant to Rule 54(c)."  However, Rule 54(c) does not apply here because the rule did not go into effect until January 1, 2014—*after* the clerk entered judgment in this case.

[3] We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

## II. The Superior Court Lacked Jurisdiction to Grant the Rissers' Motion for Reconsideration

¶7 The District argues the superior court erred in converting the Rissers' untimely post-judgment motion based on Rule 59(*l*) into a motion for reconsideration under Rule 7.1(e) and lacked jurisdiction to grant the motion and modify the final judgment.[4]

¶8 A superior court lacks jurisdiction to rule on an untimely post-judgment motion. *Einboden v. Martin*, 70 Ariz. 245, 249, 219 P.2d 330, 333–34 (1950); *see also Preston v. Denkins*, 94 Ariz. 214, 219, 382 P.2d 686, 689 (1963). Although Rule 59 permits the superior court to vacate or modify a judgment, a party must file a Rule 59(*l*) motion to alter or amend within fifteen days of entry of judgment. If a Rule 59 motion is filed later than fifteen days after entry of judgment, the superior court lacks jurisdiction to address it. *Egan-Ryan Mechanical Co. v. Cardon Meadows Dev. Corp.*, 169 Ariz. 161, 166, 818 P.2d 146, 151 (App. 1990); *see also* Ariz. R. Civ. P. 6(b) (prohibiting a court from extending the time to file a Rule 59(*l*) motion except under certain conditions not present here). The Rissers did not file their post-judgment motion based on Rule 59(*l*) within 15 days of entry of judgment. Although the superior court treated the motion as one for reconsideration under Rule 7.1(e), that rule expressly forbids a motion for reconsideration from being used as a substitute for a Rule 59 motion. *See* Ariz. R. Civ. P. 7.1(e) (stating "a motion authorized by this Rule may not be employed as a substitute for a motion pursuant to Rule . . . 59"). Therefore, the superior court lacked jurisdiction to grant the Rissers' motion for reconsideration.

---

[4] The Rissers argue that the District should have raised this issue before the superior court. However, subject matter jurisdiction can be raised at any stage of the proceeding and cannot be waived. *Swichtenberg v. Brimer*, 171 Ariz. 77, 82, 828 P.2d 1218, 1223 (App. 1991).

**CONCLUSION**

**¶9**        Because the superior court lacked jurisdiction to grant the Rissers' motion for reconsideration, the order granting the motion is vacated, meaning the December 30, 2013 judgment is reinstated.



**Ruth A. Willingham · Clerk of the Court**
F I L E D : ama